UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNY EARL MCQUEEN,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:18-cv-00511 AC<br><br>**ORDER** |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-34.[1] For the reasons that follow, plaintiff's motion for summary judgment will be GRANTED, and defendant's cross-motion for summary judgment will be DENIED. The matter will be reversed and remanded to the Commissioner for further proceedings.

////

////

---

[1] DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability. 42 U.S.C. § 423(a)(1); Bowen v. City of New York, 476 U.S. 467, 470 (1986).

1

## I. PROCEDURAL BACKGROUND

Plaintiff applied for DIB on September 11, 2014. Administrative Record ("AR") 22.[2] The disability onset date was alleged to be March 22, 2013. AR 22, 195-98. The application was disapproved initially and on reconsideration. AR 22, 119-33. On February 27, 2017, ALJ Lawrence J. Duran presided over the hearing on plaintiff's challenge to the disapprovals. AR 71–107 (transcript). Plaintiff, who appeared with his counsel Shellie Lott, was present at the hearing. AR 22, 73. Jim Van Eck, a Vocational Expert ("VE"), also testified at the hearing. Id.

On May 11, 2017, the ALJ found plaintiff "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d). AR 22-37 (decision). Plaintiff filed with the Social Security Administration's ("SSA") Appeals Council a request for review of the ALJ's decision. AR 190-92. After requesting review, plaintiff submitted to the Appeals Council a functional capacity evaluation ("FCE") performed on him by a physical therapist on August 1, 2017. AR 8-13, 325. On January 9, 2018, the Appeals Council denied plaintiff's request for review (AR 1-4), stating that plaintiff submitted "Attorney/Representative-Supplied Evidence from Excel Physical Therapy" but that "[t]his additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before May 11, 2017," the date of the ALJ's decision. AR 2. Thus, the ALJ's decision became the final decision of the Commissioner.

Plaintiff filed this action on March 9, 2018. ECF No. 1; see 42 U.S.C. § 405(g). The parties consented to the jurisdiction of the magistrate judge. ECF Nos. 6, 7. The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF Nos. 12 (plaintiff's summary judgment motion), 13 (Commissioner's cross-motion for summary judgment), 14 (plaintiff's reply).

## II. FACTUAL BACKGROUND

Plaintiff was born in 1970, and accordingly was, at age 44, a younger person when he filed his application.[3] AR 108. Plaintiff has at least a high school education, and can

---

[2] The AR is electronically filed at ECF Nos. 10.3 to 10.25 (AR 1 to AR 1385).
[3] See 20 C.F.R. § 404.1563(c) (defining "a younger person" as anyone under age 50).

communicate in English. AR 220, 222. Plaintiff worked as a warehouse associate and a service department associate. AR 222, 255.

### III. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive . . . .'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted). Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir.

2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Commissioner, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## IV.  RELEVANT LAW

Disability Insurance Benefits and Supplemental Security Income are available for every eligible individual who is "disabled." 42 U.S.C. §§ 402(d)(1)(B)(ii) (DIB), 1381a (SSI). Plaintiff is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . . .'" Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. § 404.1520(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

Id. §§ 404.1520(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

Id. §§ 404.1520(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work? If so, the claimant is not

4

disabled. If not, proceed to step five.

Id. §§ 404.1520(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Id. §§ 404.1520(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or disabled"), 416.912(a) (same); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V. THE ALJ's DECISION

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2018.
>
> 2. [Step 1] The claimant has not engaged in substantial gainful activity since March 22, 2013, the alleged onset date (20 CFR 404.1571 *et seq.*).
>
> 3. [Step 2] The claimant has the following severe impairments: hypertension, hypertensive heart disease, chronic kidney disease with renal insufficiency, fatty liver disease, degenerative joint disease of the right hip and right knee, tendinitis and bone spurs of the bilateral feet and ankles, obstructive sleep apnea, gout, edema and obesity. 20 CFR 404.1520(c).
>
> 4. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
>
> 5. [Residual Functional Capacity ("RFC")] [Step 4] After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except that the claimant can lift and carry 20 pounds occasionally and 10 pounds frequently. The claimant can stand and walk for four hours out of an eight-hour work day, and can sit for six hours out of an eight-hour workday. The claimant requires the option to alternate between sitting and standing at one-hour intervals. The claimant can occasionally climb

5

| | |
|---|---|
| 1 | ramps and stairs, but cannot climb ladders, ropes, or scaffolds. The claimant can occasionally stoop to knee level or kneel. The claimant cannot crouch or crawl. The claimant must avoid concentrated exposure to moving machinery and work around unprotected heights. The claimant may be absent from work or off-task for five percent of the workday or workweek. |

6. [Step 5] The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born [in 1970] and was 42 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from March 22, 2013, through the date of this decision (20 CFR 404.1520(g)).

AR 24-37. As noted, the ALJ concluded that plaintiff was "not disabled" under Title II of the Act. AR 37.

## VI. ANALYSIS

Plaintiff alleges that the Commissioner erred by (1) failing to properly assess plaintiff's residual functional capacity; (2) failing to consider the later submitted functional capacity evaluation ("FCE"); (3) failing to give clear and convincing reasons for rejecting plaintiff's testimony; and (4) improperly relying on the vocational witness's response to a hypothetical question. ECF No. 12.1 at 21-31. Plaintiff requests that the matter be remanded to the Commissioner for further proceedings. Id. at 31. Because the court finds the FCE issue dispositive, it turns to it first.

////

////

In his May 11, 2017 decision, the ALJ found that plaintiff had the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b),[4] except that he could lift and carry 20 pounds occasionally and 10 pounds frequently. AR 30. In reaching this RFC determination, the ALJ considered plaintiff's symptoms associated with the following conditions: hypertension, hypertensive heart disease, chronic kidney disease with renal insufficiency, fatty liver disease, degenerative joint disease of the right hip and right knee, tendinitis and bone spurs of the bilateral feet and ankles, obstructive sleep apnea, gout, edema, and obesity. AR 25, 31-33. In particular, the ALJ discussed plaintiff's treatment for right hip pain from February 2015 through January 2017, which included several steroid injections. AR 32. Because the record did not contain an assessment by plaintiff's treating physicians, the ALJ considered the objective medical evidence of record, opinions of non-examining state agency consultants, plaintiff's subjective testimony, and non-medical opinions. AR 33-34.

With his request for review of the ALJ's decision, plaintiff supplied to the Appeals Council an FCE by physical therapist Gabriel Enescu, PT, dated August 1, 2017. AR 8-13. The FCE was administered in response to plaintiff's complaints of "[r]ight hip and pelvis pain" and it describes plaintiff's history of treatments, including physical therapy and steroid treatment. AR 8. In the performance portion of the evaluation, Enescu noted that plaintiff was able to sit for 30 minutes, stand 30 minutes, walk a ½ block, and climb 10 stairs on an "occasional" basis. AR 12. He was also able to lift 5 pounds, push 50 pounds, pull 30 pounds, and carry 10 pounds occasionally. AR 13. Enescu opined that the examination was valid, and accurately represented plaintiff's present capability levels, with "present consistent symptoms of increased pain." AR 8. He concluded that it would not be safe for plaintiff to return to his prior job, and his "overall

---

[4] 20 C.F.R. § 404.1567(b) defines light work as:

> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

7

medical condition and inability to control his pain make him unemployable by the majority of organizations." Id.

On January 9, 2018, the Appeals Council denied plaintiff's request for review. The Notice of Appeals Council Action acknowledges the submission of the FCE as additional evidence, and states: "The [ALJ] decided your case through May 11, 2017. This additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before May 11, 2017." AR 2.

Plaintiff argues that the Appeals Council erred in rejecting the later submitted FCE merely because it was issued after the ALJ had rendered his decision. ECF No. 12.1 at 25, 27. Defendant contends that the FCE relates to a period after the ALJ's decision, and in any event the FCE would not have changed the ALJ's decision because a physical therapist is a non-acceptable medical source. ECF No. 13 at 6-7.

Subject to certain additional limitations, the Appeals Council will review a case if it "receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5).

The propriety of the Appeals Council's denial of plaintiff's request for review is not a proper subject of this court's review. See Taylor v. Comm'r of Soc. Sec. Admin., 659 F.3d 1228, 1231 (9th Cir. 2011) ("When the Appeals Council denies a request for review, it is a non-final agency action not subject to judicial review because the ALJ's decision becomes the final decision of the Commissioner."). However, "while a court cannot reverse such an Appeals Council decision, it *can* review new evidence submitted to the Appeals Council." Parvon v. Colvin, No. CV 15-00110 ACK-BMK, 2016 WL 1047992, at *16 (D. Haw. Mar. 11, 2016); see Taylor, 659 F.3d at 1231-33 (reviewing expert medical opinions submitted to and rejected by the Appeals Council and remanding case to the ALJ upon finding that the Appeals Council was required to consider the additional evidence). "If the new evidence creates a reasonable possibility that it would change the outcome of the ALJ's decision, then remand is appropriate to allow the ALJ to consider the evidence." Coe v. Berryhill, No. 2:16-CV-09076 (VEB), 2018 WL

1773115, at *5 (C.D. Cal. Apr. 12, 2018) (citing <u>Mayes v. Massanari</u>, 276 F.3d 453, 462 (9th Cir. 2001)); <u>see</u> <u>Mengistu v. Colvin</u>, 537 F. App'x 724, 725 (9th Cir. 2013) (stating that the court "may consider additional evidence presented for the first time to the Appeals Council when reviewing the agency's disability determination," and remanding case to the ALJ because "there [was] a reasonable possibility the report would have changed the [ALJ's] decision").

In this case, the ALJ's decision preceded the FCE by almost three months. However, the mere fact that new records submitted to the Appeals Council post-date an ALJ's decision does not in itself render those records irrelevant to the disability determination. As the Ninth Circuit has stated, "medical reports are inevitably rendered retrospectively and should not be disregarded solely on that basis." <u>Smith v. Bowen</u>, 849 F.2d 1222, 1225 (9th Cir.1988) ("[R]eports containing observations made after the period for disability are relevant to assess the claimant's disability"); <u>see</u> <u>Morgan v. Comm'r of Soc. Sec. Admin.</u>, 169 F.3d 595, 601 (9th Cir. 1999) ("[T]he circumstance of a retroactive diagnosis, standing alone, may not be sufficient to discount the opinion of a treating physician.").

Here, plaintiff's new FCE related to treatment for a condition—degenerative hip disease—that existed during the period of disability, and even references some of the same treatments discussed by the ALJ. The record before the ALJ contained no opinions from medical providers who had actually examined plaintiff. Although SSA regulations do not recognize physical therapists as medical sources, <u>see</u> 20 C.F.R. § 404.1513(d)(1), the court is persuaded that, in the absence of records from an examining physician, the ALJ might reasonably determine that the FCE supports a more restrictive residual functional capacity assessment. C.f. <u>Parra v. Astrue</u>, 481 F.3d 742, 750 (9th Cir. 2007) ("An ALJ may reject a lay witness's testimony only upon giving a reason germane to that witness."). The FCE supports plaintiff's claim and creates a reasonable possibility of a different outcome. Thus, remand for further proceedings is warranted. <u>Taylor</u>, 659 F.3d at 1235 ("Remand for further proceedings is appropriate where there are outstanding issues that must be resolved before a disability determination can be made[.]"). The court leaves it to the ALJ on remand to consider the new evidence in light of the record as a whole.

Having reached this conclusion, the court does not address plaintiff's other allegations of error—or the Commissioner's arguments in opposition to them—in light of their interrelationship with the issue that prompts this remand.

## VII.  CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 12), is GRANTED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 13), is DENIED;

3. This matter is REMANDED to the Commissioner for further consideration consistent with this order; and

4. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

DATED: April 30, 2019

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE