UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNY EARL McQUEEN,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>Defendant. | No.  2:18-cv-00511 AC<br><br><br><br>ORDER |

Plaintiff sought judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his application for a period of disability and disability insurance benefits ("DIB") benefits under Title II of the Social Security Act ("the Act").  On April 30, 2019, the court granted plaintiff's motion for summary judgment, denied the Commissioner's cross-motion for summary judgment, and remanded the action to the Commissioner for further consideration.  ECF No. 15.

Now pending before the court is plaintiff's March 9, 2021 motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b).  ECF No. 20.  Defendant has not submitted an opposition.  For the reasons set forth below, the motion will be granted.

I. REASONABLENESS OF FEE REQUEST

At the outset of the representation, plaintiff and his counsel entered into a contingent-fee

1

1  agreement. ECF No. 20-3. Pursuant to that agreement plaintiff's counsel now seeks attorney's

2  fees in the amount of $23,665.50, which represents 25% of the $99,573.80 in retroactive

3  disability benefits received by plaintiff on remand, for 38.9 hours of attorney time expended on

4  this matter. ECF Nos. 20 at 1, 20-4 at 2-3.

5      Attorneys are entitled to fees for cases in which they have successfully represented social

6  security claimants:

7,8,9,10,11
> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

12  42 U.S.C. § 406(b)(1)(A). "In contrast to fees awarded under fee-shifting provisions such as 42

13  U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing

14  party is not responsible for payment." Crawford v. Astrue, 586 F.3d 1142, 1147 (9th Cir. 2009)

15  (en banc) (citing Gisbrecht v. Barnhart, 535 U.S. 789, 802 (2002)). The goal of fee awards under

16  § 406(b) is "'to protect claimants against "inordinately large fees" and also to ensure that

17  attorneys representing successful claimants would not risk "nonpayment of [appropriate] fees."'"

18  Parrish v. Comm'r of Soc. Sec. Admin., 698 F.3d 1215, 1217 (9th Cir. 2012) (quoting Gisbrecht,

19  535 U.S. at 805).

20      The 25% statutory maximum fee is not an automatic entitlement, and the court must

21  ensure that the fee requested is reasonable. Gisbrecht, 535 U.S. at 808-09 ("406(b) does not

22  displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts

23  to review for reasonableness fees yielded by those agreements"). "Within the 25 percent

24  boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable

25  for the services rendered." Id. at 807. "[A] district court charged with determining a reasonable

26  fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee

27  arrangements,' 'looking first to the contingent-fee agreement, then testing it for reasonableness.'"

28  Crawford, 586 F.3d at 1149 (quoting Gisbrecht, 535 U.S. at 793, 808).

In determining whether the requested fee is reasonable, the court considers "'the character of the representation and the results achieved by the representative.'" Crawford, 586 F.3d at 1151 (quoting Gisbrecht, 535 U.S. at 808). In determining whether a reduction in the fee is warranted, the court considers whether the attorney provided "substandard representation or delayed the case," or obtained "benefits that are not in proportion to the time spent on the case." Id. Finally, the court considers the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases. Crawford, 586 F.3d at 1151-52 (citing Gisbrecht, 535 U.S. at 808); see also, E.D. Cal. R. 293(c)(1) (in fixing attorney's fees the court considers "the time and labor required"). Below, the court will consider these factors in assessing whether the fee requested by counsel in this case pursuant to 42 U.S.C. § 406(b) is reasonable.

Here, plaintiff's counsel is an experienced attorney who secured a successful result for plaintiff. See Declaration of Shellie Lott at ECF No. 20-4. There is no indication that a reduction of fees is warranted due to any substandard performance by counsel. There is also no evidence that plaintiff's counsel engaged in any dilatory conduct resulting in excessive delay. The court finds that $23,665.50, which represents 25% of the $99,573.80 in past-due benefits paid to plaintiff, is not excessive in relation to the benefits awarded. In making this determination, the court recognizes the contingent fee nature of this case and counsel's assumption of the risk of going uncompensated in agreeing to represent plaintiff on such terms. See Crawford, 586 F.3d at 1152 ("[t]he attorneys assumed significant risk in accepting these cases, including the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving the cases"). Finally, counsel has submitted a detailed billing statement in support of the requested fee. ECF No. 20-4

Accordingly, for the reasons stated above, the court concludes that the fees sought by counsel pursuant to § 406(b) are reasonable.

## II. OFFSET FOR EAJA FEES

An award of § 406(b) fees must be offset by any prior award of attorney's fees granted under the Equal Access to Justice Act ("EAJA"). 28 U.S.C. § 2412; Gisbrecht, 535 U.S. at 796. Here, plaintiff's attorney was previously awarded $7,500.00 in EAJA fees. See ECF No. 19.

Counsel therefore must remit that amount to plaintiff.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion for attorney Fees under 42 U.S.C. § 406(b) (ECF No. 20), is GRANTED;

2. Counsel for plaintiff is awarded $23,665.50 in attorney's fees under § 406(b); the Commissioner shall certify that amount to be paid to counsel from the funds previously withheld for the payment of such fees; and

3. Counsel for plaintiff is directed to remit to plaintiff the amount of $7,500.00 for EAJA fees previously paid to counsel by the Commissioner.

DATED: April 12, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE